ALD-200                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3377
_____

UNITED STATES OF AMERICA ex rel.
GURSHEEL S. DHILLON,
                                            Appellant

v.

ENDO PHARMACEUTICALS; PEGGY RYAN

(E.D. Pa. Civ. No. 2-11-cv-07767)


UNITED STATES OF AMERICA ex rel. MAX H. WEATHERSBY,
JR.; MK LITIGATION PARTNERSHIP 2011, LLP

v.

ENDO PHARMACEUTICALS, INC.; ENDO PHARMACEUTICALS
HOLDINGS, INC.; JAMES R. HAILEY; PEGGY RYAN

(E.D. Pa. Civ. No. 2-10-cv-02039)


UNITED STATES OF AMERICA ex rel. PEGGY RYAN

v.

ENDO PHARMACEUTICALS, INC.

(E.D. Pa. Civ. No. 2-05-cv-03450)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: Robert F. Kelly

_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 14, 2015

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: June 11, 2015)

_____

OPINION[*]
_____

PER CURIAM

Gursheel Dhillon ("Dhillon") appeals from an order of the District Court holding that Peggy Ryan is the sole Relator eligible to receive the settlement award, an order which effectively brought an end to his case.  For the reasons that follow, we will summarily affirm.

In February, 2011, Dhillon filed a False Claims Act ("FCA") case against Endo Pharmaceuticals ("Endo"), alleging that Endo's sales representatives promoted the off-label use of Lidoderm, which Dhillon learned about as a physician.[1]  Lidoderm is an adhesive patch and is approved only for the treatment of pain related to post-herpetic neuralgia, a complication of shingles.  Thousands of ineligible Lidoderm prescriptions were submitted to Medicaid and Medicare for reimbursement.  When Dhillon filed his

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because the parties are familiar with the background of this case, we only briefly summarize it here.

case, two other cases involving the off-label marketing of Lidoderm were already pending: Peggy Ryan's case filed in 2005, U.S. ex rel. Ryan v. Endo Pharmaceuticals, Inc., D.C. Civ. No. 05-cv-03450, and Max Weathersby's case filed in 2010, U.S. ex rel. Weathersby v. Endo Pharmaceuticals, Inc., D.C. Civ. No. 10-cv-02039. Ryan also filed an Amended Complaint -- on March 31, 2009 -- before either Weathersby or Dhillon initiated their actions.

On February 21, 2014, the Government elected to intervene on behalf of the Relators for settlement purposes. On this same day, the Relators entered into a settlement agreement whereby Endo agreed to pay $171.9 million in exchange for being released from liability. The settlement expressly resolved the off-label FCA allegations of all three Relators. Dhillon was represented by counsel when he signed the settlement agreement and waived and forever discharged any claims against Endo for the covered conduct. The settlement agreement included a provision expressly reserving the issue of entitlement to a Relator's share, which the District Court would decide. The Government took no position on this issue.

Briefing ensued in the District Court, and Ryan requested that she be awarded the sole Relator's share as the first-to-file. Dhillon argued that he was the first to state a plausible claim to relief and thus was entitled to a Relator's share. He argued that, although Ryan's Amended Complaint filed on March 31, 2009 was filed before his complaint, it failed to satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement; thus the first-to file rule was inapplicable. Ryan rebutted this argument, and also argued that Dhillon's claims were precluded by the public disclosure bar. Dhillon

3

countered that the public disclosure bar was inapplicable because he qualified as an "original source." Dhillon made certain additional arguments.

In an order entered on June 23, 2014, the District Court granted Ryan's motion, holding that she was the sole Relator eligible for the settlement award. The Court began with a first-to-file analysis, the threshold issue presented by the case, and determined that Ryan's March 31, 2009 Amended Complaint was adequately pled in accordance with our recent decision in Foglia v. Renal Ventures Management, LLC, 754 F.3d 153 (3d Cir. 2014) (setting forth requisite pleading standard under Rule 9(b) for FCA claims). The Court remarked that the issue was not even close. Ryan not only set forth particular details of the scheme, but also supported them with solid evidence. The Court further determined that Dhillon failed to raise any off-label marketing claims that were unique from the claims raised by Ryan. Accordingly, Ryan was entitled to be awarded the sole Relator's share as the first-to-file.

The District Court then further held, in the alternative, that Ryan had correctly argued that Dhillon's claims were precluded by the public disclosure bar. The Court noted that the Government produced a number of news articles, which originated prior to the filing of complaints by either Weathersby or Dhillon, and that these articles qualified as public disclosures from news media under the plain language of 31 U.S.C. § 3730(e)(4). The Court held that Weathersby's and Dhillon's *qui tam* actions were based upon the allegations set forth in the aforementioned public disclosures, and that they thus would have to be dismissed for lack of jurisdiction, id. at § 3730(e)(4)(B), unless each Relator could show that he was an "original source." The Court held that Dhillon had

4

failed utterly to show that he was an "original source" because he had no direct or independent knowledge of the fraud.[2]  The Court also rejected as meritless Dhillon's other arguments based on the law of contracts, the statute of limitations, and the doctrine of laches.

Dhillon filed a notice of appeal from the District Court's June 23 Order, and then filed a timely motion for reconsideration.  Ryan moved for an appellate bond of $25,000 pursuant to Federal Rule of Appellate Procedure 7, arguing that it was necessary to ensure payment of costs on appeal.  See Docket Entry No. 46, D.C. Civ. No. 05-cv-03450.  The District Court, in an order entered on August 26, 2014, denied Dhillon's motion for reconsideration.  In a separate order entered on the same day, the Court ordered Dhillon to prepay an appellate bond in the amount of $10,000.

We have jurisdiction under 28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 4(a)(4)(B)(i) to review the order entered on June 23, 2014 as to Dhillon,[3] now that the District Court has denied his timely motion for reconsideration.[4]  Relator Ryan

---

[2] By way of comparison, the District Court determined that Weathersby was an "original source."

[3] The District Court consolidated the three cases solely with regard to the issue of the Relators' share of the settlement of federal claims relating to Endo's off-label marketing conduct.  Apparently, certain of Weathersby's claims under analogous state laws remain pending in his case.

[4] Dhillon did not file a new or amended notice of appeal within the time required once his motion for reconsideration was denied.  The order denying the motion for reconsideration is the final order, but because Dhillon did not file a new or amended notice of appeal from it, we lack jurisdiction to review it to the extent that it decides new issues not decided by the District Court's June 23 Order.  Fed. R. App. Pro. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).  We note also that Dhillon

5

has moved for summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6, and, in a separate motion, has moved to dismiss or quash the appeal because Dhillon failed to pay the appellate bond. Dhillon has submitted written opposition to these motions and filed a pro se opening brief, which we will consider. In addition, Dhillon has moved to strike Ryan's motions for summary affirmance and to dismiss or quash the appeal. Ryan has filed a motion to expedite disposition of her motions for summary affirmance and to dismiss or quash. The briefing schedule has been stayed and these motions are ripe for disposition. After the District Court denied his motion for reconsideration, Dhillon filed a Rule 60(b) motion in the District Court, alleging newly discovered evidence. See Docket Entry No. 60. The motion was stayed by the District Court pending the outcome of this appeal, see Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). Dhillon has filed two motions in this Court, asking that we summarily remand the matter to the District Court for disposition of that Rule 60(b) motion. These motions also are ripe for disposition.

We grant Ryan's motion for summary affirmance and will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Our review of matters of statutory interpretation is plenary. See U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc., 149 F.3d 227, 232 (3d Cir. 1998). The False Claims Act ("FCA") enables individuals, known

filed a second motion for reconsideration, which the District Court denied. This second motion was untimely filed and did not toll the time for taking an appeal, Fed. R. App. Pro. 4(a)(4)(B)(i). Moreover, Dhillon did not separately appeal the order denying this second motion.

as Relators, to bring enforcement actions, known as *qui tam* actions, on behalf of the United States to recover funds which were fraudulently obtained, and to share in any resulting damages award. 31 U.S.C. § 3729, et seq. See also U.S. ex rel. Wilkins v. United Health Group, Inc., 659 F.3d 295, 304-05 (3d Cir. 2011). There are limitations to recovery, however. The first-to-file bar, for example, prohibits a Relator from bringing a case based on the same "essential facts" as an earlier-filed complaint, such that only the first-filed case may proceed to a damages award. 31 U.S.C. § 3730(b)(5); LaCorte, 149 F.3d at 232-33 (if later filed allegation states all essential facts of previously-filed claim, section 3730(b)(5) bars later claim even if it incorporates somewhat different details). Only the first-filed Relator is entitled to a Relator's share award from a settlement. Id. Cf. U.S. ex rel. Ortega v. Columbia Healthcare, Inc., 240 F.Supp.2d 8, 12 (D.D.C. 2003) (dividing the "bounty" has practical effect of reducing incentive to come forward with information on wrongdoing). The District Court held that the first-to-file rule applied to bar Dhillon's claim for a share of the settlement.

In his opening brief, Dhillon argues that once the Government intervenes, it cannot deny a Relator his statutory share of at least 15% under 31 U.S.C. §§ 3730(d)(1) and 3730(c)(5). Appellant's Informal Brief, at 11. In Rille v. PricewaterhouseCoopers LLP, 748 F.3d 818 (8th Cir. 2014), upon which Dhillon relies, the District Court awarded the Relators over $8 million. The Government, which had intervened and had adopted the Relators' complaint, appealed and contended that the Relators were not entitled to any share of the recovery because their complaint did not state a plausible claim for relief. The Government contended that the claims it actually settled were unrelated to the

7

Relators' action and therefore the settlement funds did not constitute "proceeds of the action or settlement of the claim" under § 3730(d)(1). The Court of Appeals for the Eighth Circuit sided with the Relators, holding that they were entitled to a 15% finder's fee, so long as they were an "original source." Rille, 748 F.3d at 825.

In Dhillon's case, the District Court decided -- adversely to him -- the threshold question whether his action was barred by the first-to-file rule. Accordingly, Rille, which does not concern the first-to-file issue, has no bearing on his case.[5] Dhillon also argues that he must necessarily be an "original source" because, after he filed his "home run" complaint, Endo finally agreed to settle. Appellant's Informal Brief, at 15. This argument is meritless; it again ignores the fact that the District Court decided the threshold first-to-file question adversely to Dhillon. Only the first-filed Relator is entitled to a Relator's share award from a settlement, LaCorte, 149 F.3d at 232-33, and Dhillon is not a first-filed Relator. Although the first-to file issue is dispositive here, we note further that Dhillon's complaint was indeed the last one filed before the claims were settled, but he provides no support for his argument that the temporal relationship between a *qui tam* complaint and a settlement has any bearing at all on the "original source" determination. He thus gives us no reason to overturn the District Court's determination that he is not an "original source."

Dhillon next argues that Ryan's March 31, 2009 Amended Complaint is itself subject to the first-to file and public disclosure rules because her original complaint

---

[5] We further note that this opinion was vacated by the court and that rehearing en banc was granted. See Rille v. PricewaterhouseCoopers LLP, 2014 WL 5835459 (8th Cir. August 27, 2014).

contained all of the required "essential facts." Id. at 23. In U.S., ex rel. Shea v. Cellco Partnership, 748 F.3d 338 (D.C. Cir. 2014), petition for cert. filed, upon which Dhillon relies, the Court of Appeals for the District of Columbia held that a Relator's second action under the FCA was barred by the first-to-file rule because the second action incorporated the same material elements of fraud as his earlier-filed action, id. at 342-42. Shea does not apply here because Mr. Shea's first *qui tam* action came to an end when the parties settled without admission of liability. Here, unlike Mr. Shea who filed a second *qui tam* action after his first action settled and came to an end, id. at 340, Ryan initiated only one qui tam action. Although an amended complaint supersedes an original complaint, as Dhillon argues, the filing of an amended complaint does not begin a new action; it is a continuation of the original action.

Last, Dhillon argues that Ryan's Amended Complaint did not comply with Rule 9(b)'s heightened pleading requirements under the standard that applies in the Sixth Circuit Court of Appeals, see U.S. ex rel. Bledsoe v. Community Health Systems, Inc., 501 F.3d 493, 510 (6th Cir. 2007); that Sixth Circuit law should apply because he initiated his case in federal court in the Middle District of Tennessee; and that the District Court incorrectly applied Foglia. Appellant's Informal Brief, at 27-28. We note that in Foglia we sided with those circuits that had used a "more nuanced" reading of the heightened pleading requirements of Rule 9(b) in deciding FCA cases, and that the Sixth Circuit Court of Appeals was not among those circuits.

Dhillon's case was originally filed in the Middle District of Tennessee but was transferred to the Eastern District of Pennsylvania where Ryan's and Weathersby's *qui*

*tam* actions already were pending. When a matter is not within the exclusive jurisdiction of a court, the law of the circuit in which the district court sits applies. See Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc., 170 F.3d 1373, 1381 (Fed. Cir. 1999). The issue of Rule 9(b)'s particularity requirement is not a matter within the exclusive jurisdiction of any federal court, and, accordingly, Foglia applies to FCA cases decided in the Eastern District of Pennsylvania. The District Court properly reviewed Ryan's March 31, 2009 Amended Complaint under the test we adopted in Foglia, and correctly determined that Ryan amply complied with Rule 9(b). In Foglia, we held that a plaintiff's claim must be accompanied by "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." Id. at 157-58 (internal quotation marks removed). "Sufficient facts to establish 'a plausible ground for relief' must be alleged." Id. at 158 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009)).

Ryan worked as a sales representative for Endo and assisted in the Government's investigation, which began in 2005. In her Amended Complaint, she described a scheme undertaken by Endo to promote the off-label use of Lidoderm through the creation of fraudulent studies, by directing the sales force to advocate such applications, and by targeting and encouraging physicians through a system of kickbacks to prescribe the drug for such uses. She asserted that Endo touted the effectiveness of Lidoderm for off-label uses through supposedly independent studies, but these studies actually were financed and directed by Endo. She alleged that Endo directed company sales representatives to inform physicians of Lidoderm's ability to treat carpal tunnel syndrome, osteoarthritis,

10

low back pain and other off-label conditions, and provided the representatives with literature and publications promoting Lidoderm's off-label uses. She asserted that Endo used a system of kickbacks in order to encourage physicians to prescribe Lidoderm for unapproved uses. "High prescribers" were given honorariums to present at medical conferences and round table dinners. Finally, she used statistical sales data to further support her claim that Endo promoted the off-label use of Lidoderm. For instance, although the number of patients suffering from post-herpetic neuralgia has remained relatively constant, net sales of Lidoderm increased by 73% to $309.2 million in 2004. Since 2004, net sales of Lidoderm have more than doubled, and in 2007 reached $705.6 million.

Accordingly, Ryan's Amended Complaint amply set forth "particular details of a scheme to submit false claims" and additionally supported them with evidence that would allow for a "strong inference" that false claims actually were submitted, Foglia, 754 F.3d at 156, thus satisfying Rule 9(b). Dhillon's argument that Ryan's Amended Complaint does not satisfy Rule 9(b)'s particularity requirement under the governing law is meritless.

For the foregoing reasons, we grant Ryan's motion and will summarily affirm the District Court's June 23, 2014 Order. Ryan's motion to expedite is granted. Ryan's motion to dismiss or quash the appeal is denied as unnecessary. Dhillon's motion to strike is denied. Dhillon's two motions to summarily remand are denied as moot.

11